[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On July 23, 1999, defendant-appellant Michelle Robinson pleaded no contest to the charge of possession of cocaine, a fifth-degree felony. The trial court found her guilty and placed her on three years of community control. The community control terms required Robinson to submit to weekly random urinalysis by her probation officer, complete eighty hours of community service, and find employment within one month of release from incarceration on two related misdemeanor charges.
Upon release from the Justice Center, Robinson failed to report to the probation department, never submitted urine samples, was convicted of falsification and driving without a license, and failed to perform any community service. Thereafter, she was charged with violating the terms of her community control. Robinson pleaded no contest to the charge. The court accepted her plea and found her guilty. The court revoked the community control and sentenced her to the maximum term of incarceration on the original felony drug charge. She appeals from this sentence.
In her sole assignment of error, Robinson argues that the trial court erred by imposing the maximum prison term. We disagree. In imposing the maximum sentence, the trial court followed the sentencing guidelines and made the requisite findings on the sentencing checklist. See R.C. 2929.11; R.C. 2929.12 (B) through (E); R.C. 2929.13(B); R.C. 2929.14(B); R.C.2929.14(C); State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. These findings are supported by the record. We cannot clearly and convincingly conclude that the record does not support the sentence or that the sentence was contrary to law. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.